MOORE, Chief Justice
(concurring specially).
I agree with the main opinion that the search of G.M. was unreasonable under Fourth Amendment jurisprudence and ex-cludable in a criminal prosecution. I write specially to explain that the evidence found on G.M. need not be excluded from use in assessing and imposing school discipline. “Most courts ... do not apply the federal constitutional exclusionary rules to ... school disciplinary proceedings....” 1 McCormick on Evidence § 173 (7th ed.2013). See Thompson v. Carthage School Dist., 87 F.3d 979, 980-82 (8th Cir.1996) (holding that the exclusionary rule *830 should not be applied to exclude evidence in civil school-disciplinary hearings). See also Scanlon v. Las Cruces Public Schools, 143 N.M. 48, 52,172 P.3d 185,189 (Ct.App.2007) (holding that the exclusionary rule of the state constitution does not apply to school-disciplinary proceedings); T.M.M. ex rel. D.L.M. v. Lake Oswego School Dist., 198 Or.App. 572, 108 P.3d 1211 (2005) (same).